[Crim. No. 2926. Third Dist. May 13, 1959.]

THE PEOPLE, Respondent, v. DONALD ASKEW, Appellant.

Morton Friedman, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal from a judgment of conviction of the crime of grand theft. The sole contention made by the defendant on appeal is that the evidence does not support the judgment.

The record shows that on the afternoon of Friday, June 20, 1958, defendant, Elijah Griffin (the complainant), and his cousin, Roy Griffin, drove from Woodland to Sacramento where Elijah cashed two checks totaling approximately $430. The three men then went to a bar where Elijah bought at least two rounds of drinks for the three. At that time the defendant stated he was without funds and sold a purse to Elijah for $2.00. The defendant left shortly thereafter and did not rejoin the Griffins until about 9 p.m. Prior to the three leaving Sacramento for their return to Woodland, Elijah ascertained that he had approximately $438 in his wallet, after which he replaced it in his left hip pocket but did not button the flap. On the return trip they ran out of gas. While Roy was gone in search of a service station, Elijah and defendant remained in the car. Elijah slept for some 15 to 20 minutes and was awakened upon Roy's return. The trip was then resumed, and upon arriving in Woodland they stopped at the Sportsmen's Club. Roy departed again, leaving Elijah and the defendant alone in the car. During all of this time defendant remained in the back seat. Shortly after Roy had entered the bar, the defendant came in and said to him: "You better go see about your cousin because I think he has been robbed." Roy and defendant then went back to the car, and in answer to Roy's inquiry, Elijah replied, "I haven't been robbed."

The three men then proceeded to the labor camp where they lived, and after leaving defendant at the quarters which he and Roy occupied, Roy and Elijah went on to the latter's home. It was then that Elijah discovered that his wallet was missing. He accused Roy, but he denied taking it. The following morning Elijah found his empty wallet on the floor of the car. Four days later defendant deposited $100 in his bank account and made a cash deposit of $100 on a car. There was further evidence that prior to the theft defendant's bank ac-

count showed a balance of $1.00. There was also evidence that just prior to the theft Roy had given defendant some money as well as some groceries. Evidence was introduced of equivocal statements concerning the theft and the money which were made by the defendant to a neighbor. The neighbor also testified that on the following day the defendant had a roll of bills in his possession. Also the day following the alleged theft the defendant was seen buying a fifth of whiskey which he paid for with a $20-bill. The deposit made on the car was also in $20-bills. When arrested the defendant had a woman in the car with him, and the car was packed with clothing and cooking utensils. The defendant, when queried by police officers concerning the money replied merely to the effect that he just had it, and he denied that he had taken it from Elijah. However he did state he had not worked for more than two months. He further stated that when apprehended he was on his way to visit a sister in Redding, and denied that his sister had ever given him money. However he told a neighbor that he was buying the car with money which the sister had sent to him.

Viewing the evidence as we must in light of the often repeated rule (see *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778]), we must conclude that the judgment of conviction is supported by the evidence.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.